# IN THE SUPREME COURT OF THE STATE OF NEVADA

SUN CITY SUMMERLIN COMMUNITY
ASSOCIATION, INC.; RICHARD POST;
AND MASAKO POST,
Appellants,
vs.
CLARK COUNTY, NEVADA, A
POLITICAL SUBDIVISION OF THE
STATE OF NEVADA; AND THE CLARK
COUNTY ASSESSOR,
Respondents.

No. 69441

FILED

APR 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

SUN CITY SUMMERLIN COMMUNITY
ASSOCIATION, INC.; RICHARD POST;
AND MASAKO POST,
Appellants,
vs.
CLARK COUNTY, NEVADA, A
POLITICAL SUBDIVISION OF THE
STATE OF NEVADA; AND CLARK
COUNTY ASSESSOR,
Respondents.

No. 70333

## ORDER OF AFFIRMANCE

These are consolidated appeals from district court orders granting petitions for judicial review and remanding these tax matters to the Nevada State Board of Equalization (SBE). Eighth Judicial District Court, Clark County; Linda Marie Bell and Kerry L. Earley, Judges.

Having considered the parties' arguments and the record, we conclude that the district courts properly found that the SBE's valuation decisions were arbitrary and not supported by substantial evidence and were inconsistent with this court's previous order of reversal and remand. Thus, the district courts properly granted the petitions for judicial review and remanded these matters to the SBE. NRS 233B.135(3)(e), (f)

17-12373

(providing that remand is appropriate when the SBE's decision is clearly erroneous, arbitrary, or capricious).

In determining the taxable value of the improvements, the SBE applied the "cost approach" and reduced the taxable value of improvements on certain parcels owned by appellant Sun City Summerlin Community Association to a flat $10,000 per parcel. In reaching that decision, the SBE relied on the Association's opinion that restrictions on the use of the property diminished the improvements' value and cited to an appraisal provided by the Association indicating that one of the parcels, which had several improvements, had a market value of $1,000 due to its restricted use, although the appraiser acknowledged that the $1,000 value was based on his opinion and that there was "no market support" for that value.

In a previous related appeal, this court rejected reliance on restrictions as the sole basis for assigning a flat, arbitrary value to the improvements as a clearly erroneous valuation method. *Cty. of Clark vs. Sun City Summerlin Cmty. Ass'n, Inc.*, Docket No. 60776 (Order of Reversal and Remand, March 25, 2014). In that case, we stated:

> The State Board clearly erred by ignoring the other workable valuation methods and instead simply assigning a nominal value to the improvements based on the presence of restrictions on the land. While the improvements may or may not be worth the $19.5 million the assessor assigned, under [NRS 361.227(5)] and [NAC 361.631] neither are they reduced to a nominal value solely by the presence of restrictions on the land.

*Id.* at 6-7. In reversing and remanding, we held that the SBE failed to give due consideration to the statutory and regulatory methods of finding taxable value, which include consideration of whether improvements on

the land have significant value even if the land and improvements would have no value on the open market.

In the underlying decisions, the SBE assigned an arbitrary $10,000 value to the improvements based on the restrictions on the land without explaining why or how the restrictions on the land warrant such obsolescence or what other factors warrant the assigned obsolescence. Therefore, we agree with the district courts that the SBE's decisions are clearly erroneous or arbitrary and capricious and are not based on substantial evidence. Accordingly, we

ORDER the judgments of the district courts AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Linda Marie Bell, District Judge
     Hon. Kerry L. Earley, District Judge
     Lansford W. Levitt, Settlement Judge
     Frazer Ryan Goldberg & Arnold LLP
     DeConcini McDonald Yetwin & Lacy, P.C.
     Fennemore Craig, P.C./Las Vegas
     Clark County District Attorney/Civil Division
     Eighth District Court Clerk